561 A.2d 800

**ROYAL BEDDING COMPANY, Appellant,**

v.

**Regis LORENZ and David Lorenz, i/a/t/a/d/b/a David Johns Furniture and Carpet American Bedrooms, Claimant Shaw Industries, Kuss Manufacturing American Excelsior, Co., Philip M. Bell, Co. and Penn Custom Mfg. Co., Appellees.**

Superior Court of Pennsylvania.

Argued April 24, 1989.

Filed July 10, 1989.

Charles F. Bennett, Pittsburgh, for appellant.

Paul M. Daniels, Pittsburgh, for American Excelsior, Participating Party.

Before MONTEMURO, JOHNSON and CERCONE, JJ.

MONTEMURO, Judge:

This is an appeal from an order of the Court of Common Pleas of Westmoreland County denying appellant's petition for counsel fees and costs. We reverse.

Pursuant to a writ of execution based on a judgement entered against appellees, appellant arranged a sheriff's levy against certain goods in two of appellees' six stores. Six suppliers of those goods, to whom payment had not been fully rendered, filed property claims with the sheriff, who stayed sale and issued determinations that the claimants were *prima facie* owners of the property. Appellant's objections to these decisions activated a sheriff's interpleader proceeding under Pa.R.C.P. 3206(b),[1] which was resolved

1. RULE 3206 SHERIFF'S DETERMINATION IN FAVOR OF CLAIMANT. OBJECTIONS ...

by the trial court in appellant's favor. However, appellant's Petition to obtain counsel fees and costs was denied on the grounds that 42 Pa.C.S.A. § 2503 [2] cited in support of such recovery was inapplicable to a sheriff's interpleader action. This appeal followed.

In its supporting opinion, the trial court excludes § 2503 from consideration, reasoning that sheriff's interpleader is intended to fulfill a different and incompatible purpose than settling competing claims, that is, only to

"protect the Sheriff from the hazard and expense of actions which might otherwise be brought against him by persons claiming the goods on which he had levied and were not the party against whom the process had issued." (T.C.O. at 2).

Having posited this premise, the court goes on to explain that appellant, having received disposition in its favor both as to title, as between appellant and the claimants, and as to financial liability, between appellant and appellee, should not now

be further enriched by collection of counsel fees from parties who were, by [appellant's] actions, forced to defend their title before the Sheriff and the Court. (*Id.*, at 4).

We find that this analysis rather misses the point: presumably, judgment was rendered in appellant's favor in both instances because by law it was entitled to such

(b) Any execution creditor or defendant may, within ten (10) days after the date of mailing of the copy of the determination and valuation, file with the prothonotary and with the sheriff an objection to the determination substantially in the form provided by Rule 3260. The sheriff shall send by ordinary mail the copy of the objection to all other parties. Upon the filing of the objection an interpleader shall be at issue in which the claimant shall be the plaintiff and all other parties in interest shall be defendants. The only pleading shall be the claim, all averments of which shall be deemed to be denied.

2. 42 Pa.C.S.A. § 2503. Right of Participants to receive counsel fees. The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter:
(5) The prevailing party in an interpleader proceeding in connection with execution upon a judgement.

judgment, not because it elected to make a nuisance of itself in court. Appellant need not be punished for enforcing rights which, without judicial determination, might well have been lost. Further, even were this not the case, the Sheriff's Interpleader Act, Pa.R.C.P. 3213 does not contain the limitation imposed upon it by the court's interpretation, in fact quite the opposite.

Rule 3213 reads as follows:

The judgement in the interpleader proceedings shall determine the title to the claimed property as among parties to the interpleader, provide for disposition of the proceeds of the sale thereof, fix the amount of special damages sustained by the claimant if he has sustained his claim or the amount of any liability of the claimant if property has been delivered to him to which he has not sustained his claim *and shall include such counsel fees as may* [3] *be awarded by the court as part of the costs.*

(Emphasis added.)

To emphasize the applicability of this section to appellant's case, we point out that the Note to the Rule specifically states that 42 Pa.C.S.A. § 2503(5) "remain[s] unsuspended insofar as [it] relate[s] to costs including the allowance of counsel fees."

1 Pa.C.S.A. § 1922, concerning statutory construction states that in ascertaining the intent of the Legislature in enacting a statute, it is presumed that no absurd or unreasonable result is intended, and that the entire statute is meant to be effective and certain. Under the trial court's interpretation, none of these strictures has been regarded. We therefore return this matter to the court below for proceedings consistent with this Opinion.

Reversed and remanded. Jurisdiction is relinquished.

3. Appellee argues that the trial court's decision is supportable because the statute makes an award of counsel fees discretionary. This is clearly correct, and the trial court is free to refuse appellant's petition. However, to have done so on grounds that the statute is inapplicable to sheriff's interpleader actions was an error of law, and therefore an abuse of that discretion with which the court is invested.